IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

PPV CONNECTION, INC.,

       Plaintiff

          v.

MIGUEL A. GRAU-ALVAREZ, et al.,

       Defendants

CIVIL NO. 09-1451 (JP)

**OPINION AND ORDER**

Before the Court are Defendants Hector Leon-Montes (**No. 14**), Milton Raul Toro (**No. 15**), and Alvin Curet-Velazquez's (**No. 20**) ("Defendants") motions to dismiss and Plaintiff PPV Connection, Inc.'s ("PPVC") opposition thereto (No. 19). Plaintiff PPVC brought the instant action alleging violations of the Communications Act of 1934 ("Communications Act"), 47 U.S.C. §§ 553 and 605. For the reasons stated herein, Defendants' motions to dismiss are hereby **DENIED**.

## I.    FACTUAL ALLEGATIONS

On July 26, 2008, the closed-circuit telecast of the Miguel Cotto/Antonio Margarito boxing match ("Event") was broadcast from the MGM Grand Arena in Las Vegas, Nevada. The sole owner of the copyright over the Event is Top Rank, Inc. ("Top Rank"). Plaintiff alleges that Top Rank granted PPVC the exclusive license to distribute, for

CIVIL NO. 09-1451 (JP)            -2-

commercial gain, the closed-circuit broadcast of the Event to various business establishments throughout Puerto Rico.

     The closed-circuit broadcast was not intended for the use of the general public. As such, the closed-circuit broadcast of the Event could only be exhibited in a commercial establishment if said commercial establishment was contractually authorized to do so by Plaintiff PPVC. Plaintiff marketed and distributed the closed-circuit rights, and contracted with various establishments throughout Puerto Rico to grant them the right to broadcast the Event in exchange for a fee. The transmission of the Event was electronically coded or scrambled. Thus, to receive a signal and for the telecast to be clear, it had to be decoded with electronic decoding equipment. The establishments which contracted with PPVC were provided with the electronic decoding capability and/or satellite coordinates necessary to receive the signal of the Event.

     The transmission of the Event was available to Defendants for purchase in order for them to be able to show it at their respective establishments. Plaintiff alleges that without contracting with PPVC or any of its agents and without paying the fee, Defendants did in fact receive and transmit the Event. Defendants willfully intercepted and/or received the communication of the Event or, alternatively, assisted in the receipt of the communication of the Event. Thereafter, Defendants transmitted, divulged and broadcasted said communication, or assisted in transmitting, divulging and

CIVIL NO. 09-1451 (JP)                -3-

broadcasting said communication to patrons within their respective establishments. In doing so, Defendants allegedly infringed upon PPVC's exclusive rights while avoiding payment of the appropriate fee to PPVC.

## II.   **LEGAL STANDARD FOR A MOTION TO DISMISS**

According to the Supreme Court, "once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1969 (2007).  As such, in order to survive a motion to dismiss, a complaint must state a claim to relief that is plausible on its face, not merely conceivable. Id. at 1974. The Court of Appeal for the First Circuit has interpreted Twombly as sounding the death knell for the oft-quoted language of Conley v. Gibson, 355 U.S. 41, 45-46 (1957), that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Rodríguez-Ortiz v. Margo Caribe, Inc., 490 F.3d 92, 94-95 (1st Cir. 2007), quoting Twombly, 127 S. Ct. at 1969.  Still, a court must "treat all allegations in the Complaint as true and draw all reasonable inferences therefrom in favor of the plaintiff."  Rumford Pharmacy, Inc. v. City of East Providence, 970 F.2d 996, 997 (1st Cir. 1992).

CIVIL NO. 09-1451 (JP)          -4-

III. **ANALYSIS**

Defendants move for the Court to dismiss Plaintiff's complaint against them, arguing that: (1) Plaintiff has failed to present a plausible claim under Sections 553 and 605 of the Communications Act; and (2) Plaintiff lacks standing to bring a claim under Section 553 of the Communications Act. The Court will now consider the Defendants arguments.

A.   **Defendants Argument that the Complaint Fails to State a Plausible Claim under Sections 553 and 605 of the Communications Act**

Plaintiff PPVC brings the instant action alleging violations of Sections 553 and 605 of the Communications Act. Section 553(a)(1) states: "[n]o person shall intercept or receive or assist in intercepting or receiving any communications service offered over a cable system, unless specifically authorized to do so by a cable operator or as may otherwise be specifically authorized by law." Section 605 (a) states:

> No person not being authorized by the sender shall intercept any radio communication and divulge or publish the existence, contents, substance, purport, effect, or meaning of such intercepted communication to any person. No person not being entitled thereto shall receive or assist in receiving any interstate or foreign communication by radio and use such communication (or any information therein contained) for his own benefit or for the benefit of another not entitled thereto. No person having received any intercepted radio communication or having become acquainted with the contents, substance, purport, effect, or meaning of such communication (or any part thereof) knowing that such communication was intercepted, shall divulge or publish the existence, contents, substance, purport, effect, or meaning of such

CIVIL NO. 09-1451 (JP)          -5-

>    communication (or any part thereof) or use such
>    communication (or any information therein contained) for
>    his own benefit or for the benefit of another not entitled
>    thereto.

In the instant motions, Defendants argue that Plaintiff has failed to comply with the standard set out in <u>Bell Atl. Corp. v. Twombly</u>, 127 S. Ct. 1955 (2007), because Plaintiff has not raised a plausible claim under Sections 553 and 605 of the Communications Act. Specifically, Defendants argue that Plaintiff has failed to provide any factual details about any acts or omissions committed by the individual Defendants. Also, Defendants rely on the language used by Plaintiff in the complaint which Defendants claim shows that not all Defendants committed the wrongful conduct.

**1.    Lack of factual details about any acts or omissions**

Defendants argue that Plaintiff has not met the <u>Twombly</u> standard because PPVC failed to allege a plausible claim when Plaintiff did not include any specific acts or omissions on the part of individual Defendants. Defendants argument rests on the fact that Plaintiff only mentions individual Defendants in the caption to the complaint.

In paragraph 5 of its complaint, Plaintiff PPVC states that "Plaintiff incorporates as if it were fully set forth herein the names of all defendants identified in the caption of this complaint[.]" In doing so, Plaintiff incorporated the name of each individual Defendant into the allegations against "Defendants." As such and contrary to Defendants argument, Plaintiff listed numerous

CIVIL NO. 09-1451 (JP)          -6-

allegations of acts committed by the individual Defendants. For

example, paragraph 12 of the complaint states:

> The transmission of the Event was available to the
> defendants to purchase for exhibition in their respective
> establishments. However, defendants did in fact receive,
> and transmit the Event without contracting with PPVC or
> any of its agents, and without paying the fee to obtain
> the rights to exhibit said Event.

Accordingly, the Court finds that Defendants' argument fails because

Plaintiff has made factual allegations of acts committed by the

individual Defendants.[1]

> **2.      Language showing that not all Defendants committed the
> wrongful conduct**

In regards to the Section 553(a)(1) claim, paragraph 23 of the

complaint states "[s]ome or all of the defendants in this case

intercepted and/or received the transmission of the Event through a

cable system. Therefore, these defendants' wrongful actions in

connection with the Event, as described above, were in violation of

section 553(a)(1)." Paragraph 29, which deals with the Section 605(a)

claims, states "[s]ome or all of the defendants in this case

intercepted and/or received the transmission of the Event through a

radio or satellite system. Therefore, these defendants' wrongful

actions in connection with the Event, as described above, were in

violation of section 605(a)."

---

[1] The Court notes that it would be unreasonable to expect
Plaintiff to write, for every allegation, the name of every single
Defendant in a case, such as this one, were there are so many
Defendants. Such an act would be inefficient and unnecessary.

CIVIL NO. 09-1451 (JP)          -7-

     Defendants argue that Plaintiff's complaint does not comply with the Twombly standard. Specifically, Defendants rely on the use of the language "[s]ome or all" to reach the conclusion that Plaintiff admits that not all individual Defendants committed the alleged wrongful conduct.

     The Court disagrees with Defendants. Plaintiff PPVC used said language because Sections 553 and 605 are mutually exclusive. The First Circuit has clearly held that Section 605 applies to the theft of radio/satellite communications and Section 553 applies to the theft of cable transmissions. Charter Communications Entertainment I, DST v. Burdulis, 460 F.3d 168 (1st Cir. 2006). As a result, Plaintiff used the language "[s]ome or all" in order to demonstrate that while some Defendants are liable under Section 553 others are liable under Section 605. Accordingly, the Court finds that the use of the language "[s]ome or all" does not support a finding that Plaintiff admitted that not all individual Defendants committed the alleged wrongful acts.

### 3.    Sufficiency of Allegations

     After examining the complaint, the Court determines that Plaintiff PPVC has alleged sufficient facts to state a plausible claim under Sections 553 and 605 of the Communications Act.

     In the complaint, PPVC alleged that: (1) PPVC is licensed exclusively in Puerto Rico to distribute the closed-circuit telecast of the Event to various business establishments; (2) the closed-

CIVIL NO. 09-1451 (JP)          -8-

circuit broadcast of the Event was not intended for the use of the

general public and could only be exhibited in a commercial

establishment if said establishment was contractually authorized to

do so by PPVC; (3) the transmission of the Event was electronically

coded or scrambled so, in order for the signal to be received and

telecast clearly, it had to be decoded with electronic decoding

equipment; (4) Defendants received and transmitted the Event without

contracting with PPVC and without paying the fee to obtain the rights

to show the Event; (5) on July 26, 2008, Defendants willfully

intercepted and/or received the interstate communication of the Event

or, in the alternative, assisted in the receipt of the interstate

communication of the Event; (6) Defendants transmitted said

communication or assisted in transmitting said communication to

patrons within their respective establishments; and (7) Defendants'

actions were willful and with the intent to secure financial gains.

Taking these factual allegations as true, the Court concludes

that Plaintiff PPVC has met the Twombly standard by stating a

plausible claim under Sections 553 and 605. Bell Atl. Corp. v.

Twombly, 127 S. Ct. 1955 (2007).

**B.    Defendant's Argument that Plaintiff Lacks Standing for the claim under Section 553 of the Communications Act**

Defendant Alvin Curet-Velazquez argues, in his motion to dismiss

(No. 20), that Plaintiff PPVC lacks standing to bring an action under

CIVIL NO. 09-1451 (JP)          -9-

Section 553 of the Communications Act. Plaintiff has not opposed Defendant's argument.

In support of his argument, Defendant Alvin Curet-Velazquez relies on Kingvision Pay-Per-View, Ltd. v. Rocca, 181 F. Supp. 2d 29(D.N.H. 2002). In said case, the court held that a cable operator is the only party with standing to bring a claim under 47 U.S.C. § 553. Id. at 34.

The Court notes that it has not found any First Circuit cases on the issue. Also, neither Plaintiff nor Defendants have pointed the Court to any such cases. After considering the reasoning of the Rocca court, this Court declines to follow Rocca. The Court finds that the interpretation given in Rocca to the statute is too narrow. Section 553(c)(1) provides: "[a]ny person aggrieved by any violation of subsection (a)(1) of this section may bring a civil action in a United States district court . . . ." This language does not limit standing to cable operators. Instead, it confers standing on any person who is "aggrieved" because of the unathorized interception. See National Satellite Sports v. Time Warner Entertainment Co. L.P., 217 F. Supp. 2d 466, 467-68 (S.D.N.Y. 2002)(holding that "person aggrieved" under the Section 553 does not have to be a cable operator). Thus, even though Section 553(a)(1) prohibits interception unless authorized by a cable operator, it is clearly possible for non-cable operators, such as Plaintiff PPVC, to be aggrieved because of an unathorized interception.

CIVIL NO. 09-1451 (JP)          -10-

In the instant case, Plaintiff PPVC, as owner of the exclusive rights to distribute the Event, would be aggrieved or harmed by the unathorized interception of the broadcast, that Plaintiff alleges was committed by Defendants, because the interception lowers the number of fees Plaintiff earned from the Event. As such, the Court rejects Defendant's argument.

**IV.  CONCLUSION**

Thus, the Court holds that Plaintiff has alleged sufficient facts for its claims under 47 U.S.C. §§ 553 and 605. Accordingly, Defendants' motions to dismiss are **DENIED.**

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 16th day of December, 2009.


                                    S/ Jaime Pieras, Jr.

                                     JAIME PIERAS, JR.
                                U.S. SENIOR DISTRICT JUDGE