```
                    IN THE UNITED STATES DISTRICT COURT
                       FOR THE DISTRICT OF PUERTO RICO
```

| | |
|---|---|
| PPV CONNECTION, INC.,<br><br>    Plaintiff<br><br>        v.<br><br>MIGUEL A. GRAU-ÁLVAREZ, et al.,<br><br>    Defendants | CIVIL NO. 09-1451 (JP) |

**DEFAULT JUDGMENT ON DAMAGES**

Before the Court is Plaintiff PPV Connection's ("PPVC") motion for default judgment (**No. 71**) against the following Defendants:

  (1)   Leonardo Sanabria, his wife Jane Doe, and the conjugal partnership between them, d/b/a Punta Las Marías Wine & Sport Boutique;

  (2)   José Luis Perales, his wife Jane Doe, and the conjugal partnership between them, d/b/a Restaurante Borderline;

  (3)   Brian Cruz-Acosta, his wife Jane Doe, and the conjugal partnership between them, d/b/a Restaurante Chino How Wah;

  (4)   Luis Colón-Quintana, his wife Jane Doe, and the conjugal partnership between them, d/b/a Sitio Bar & Grill;

  (5)   Wilbert Hoffman, his wife Jane Doe, and the conjugal partnership between them, d/b/a Skybox;

  (6)   Giancarlos Quiñones, his wife Jane Doe, and the conjugal partnership between them, d/b/a The Green House;

CIVIL NO. 09-1451 (JP)           -2-

> (7) Carlo J. Correa, and the conjugal partnership Correa-Rosa, d/b/a Tus Antojos Restaurante;[1]
>
> (8) Edwin Díaz, his wife Jane Doe, and the conjugal partnership between them, d/b/a Vente Pa Que Goces;
>
> (9) Ismael Méndez-Colón, his wife Jane Doe, and the conjugal partnership between them, d/b/a Windy's City; and
>
> (10) Jason Acevedo-Morales, his wife Jane Doe, and the conjugal partnership between them, d/b/a El Borincano.

Plaintiff PPVC filed the instant lawsuit on May 20, 2009, against several establishments, their alleged owners, and the alleged owners' spouses and conjugal partnerships. Plaintiff alleges that on July 26, 2008, Defendant establishments unlawfully intercepted Plaintiff's closed circuit broadcast of the boxing match between Miguel Cotto and Antonio Margarito. The Court has entered various Partial Judgments so that only the above-named Defendants remain. The Clerk of the Court entered default against the remaining Defendants on November 4, 2009 (No. 40).

In Plaintiff's motion for default judgment, PPVC attached affidavits from investigators who visited each place of business as owned by the above-named Defendants (No. 71) on the day of the boxing match. The affidavits, *inter alia,* detail the number of patrons

---

1.  Plaintiff also requested that default judgment be entered against Defendant Monserrate Rosa-Alvarado. However, as explained in a separate order, said Defendant has not been properly served and therefore default judgment cannot be entered against Defendant Monserrate Rosa-Alvarado.

CIVIL NO. 09-1451 (JP)          -3-

counted, the number of televisions, and which part of the copyrighted transmission was being shown.  Plaintiff also attached a statement under penalty of perjury by Jennifer Marín, Vice President of Plaintiff PPVC, explaining the effects of Defendants' acts.

Because the aforementioned Defendants are in default, this "constitutes an admission of all facts well-pleaded in the complaint."  Metropolitan Life Ins. Co. v. Colón Rivera, 204 F. Supp. 2d 273, 274-75 (D.P.R. 2002).  Therefore, the only issue remaining for consideration is the amount of damages. Moreover, "[o]nce the entry of a default establishes the *fact* of damage, the trial judge . . . has considerable latitude in determining the *amount* of damages."  See Jones v. Winnepesaukee Realty, 990 F.2d 1, 4 (1st Cir. 1993).

Plaintiff PPVC prays for damages pursuant to Section 553 and Section 605 of the Communications Act of 1934.[2]  Section 553 states that "the party aggrieved may recover an award of statutory damages for all violations involved in the action, in a sum of not less than $250 or more than $10,000 as the court considers just."  47 U.S.C. § 553(c)(3)(A)(ii).  Furthermore, Section 553 provides the Court with discretion to increase the award of damages up to the amount of $50,000 when "the violation was committed willfully and for purposes of commercial advantage or private financial gain[.]"

---

2.   The Court notes that in its motion for default judgment and in its complaint Plaintiff requested statutory damages as opposed to actual damages.

CIVIL NO. 09-1451 (JP)          -4-

Id. at § 553(c)(3)(B).  Lastly, Section 553 allows for recovery of costs, including reasonable attorneys' fees to an aggrieved party who prevails.  Id. at § 553(c)(2)(C).

Section 605 states that the Court may award to a party aggrieved by a violation of this section damages and "shall direct the recovery of full costs, including awarding reasonable attorneys' fees[.]" 47 U.S.C. § 605(e)(3)(A) and (B).  The statute provides that "the party aggrieved may recover an award of statutory damages for each violation . . . in a sum of not less than $1,000 or more than $10,000, as the court considers just[.]"  Id. § 605(e)(3)(C)(i)(II). Also, the Court may, in its discretion, increase the award of damages up to $100,000 if "the violation was committed willfully and for purposes of direct or indirect commercial advantage or private financial gain[.]"  Id. at § 605(e)(3)(C)(ii).

In light of the above, the Court makes the following specific findings as to each Defendant:

1) According to the sworn statement subscribed by José R. González-Morales, who visited Punta Las Marías Wine & Sport Boutique[3] on the day of the fight, there were approximately twenty-seven persons inside the establishment and two televisions displaying the fight.  The Court **AWARDS** Plaintiff **two hundred and fifty dollars ($250.00)** in damages for violating Section 553 and **one**

---

3.   José R. González-Morales described this establishment as "Punta Las Marías Wine Deli."  The Court understands this to be an error, and that José R. González-Morales intended to describe "Punta Las Marías Wine & Sport Boutique."

CIVIL NO. 09-1451 (JP)        -5-

**thousand dollars ($1,000.00)** in damages for violating Section 605, plus costs and reasonable attorneys' fees against Defendant Leonardo Sanabria, his wife Jane Doe, and the conjugal partnership between them, d/b/a Punta Las Marías Wine & Sport Boutique, and **ORDERS** them to jointly and severally pay this amount to Plaintiff pursuant to this Judgment.

2)   According to the sworn statement subscribed by Ricardo Rivera-Villanueva, who visited Rest. Borderline on the day of the fight, there were approximately seventy persons inside the establishment and three televisions displaying the fight.  The Court **AWARDS** Plaintiff **two hundred and fifty dollars ($250.00)** in damages for violating Section 553 and **one thousand dollars ($1,000.00)** in damages for violating Section 605, plus costs and reasonable attorneys' fees against Defendant José Luis Perales, his wife Jane Doe, and the conjugal partnership between them, d/b/a Rest. Borderline, and **ORDERS** them to jointly and severally pay this amount to Plaintiff pursuant to this Judgment.

3)   According to the sworn statement subscribed by Luis A. Colón-Colón, who visited Rest. Chino How Wah[4] on the day of the fight, there were approximately seventy persons inside the establishment and one television displaying the fight.  The Court

---

4.   Luis Colón-Colón described this establishment as "Rest. How Wah."  The Court understands this to be an error, and that Luis Colón-Colón intended to describe "Rest. Chino How Wah."

CIVIL NO. 09-1451 (JP)           -6-

**AWARDS** Plaintiff **two hundred and fifty dollars ($250.00)** in damages for violating Section 553 and **one thousand dollars ($1,000.00)** in damages for violating Section 605, plus costs and reasonable attorneys' fees against Defendant Brian Cruz-Acosta, his wife Jane Doe, and the conjugal partnership between them, d/b/a Chino How Wah, and **ORDERS** them to jointly and severally pay this amount to Plaintiff pursuant to this Judgment.

     4)   According to the sworn statement subscribed by Alfredo García-Rivera, who visited Sitio Bar & Grill on the day of the fight, there were approximately twenty persons inside the establishment and one television displaying the fight.  The Court **AWARDS** Plaintiff **two hundred and fifty dollars ($250.00)** in damages for violating Section 553 and **one thousand dollars ($1,000.00)** in damages for violating Section 605, plus costs and reasonable attorneys' fees against Defendant Luis Colón-Quintana, his wife Jane Doe, and the conjugal partnership between them, d/b/a Sitio Bar & Grill, and **ORDERS** them to jointly and severally pay this amount to Plaintiff pursuant to this Judgment.

     5)   According to the sworn statement subscribed by Juan Ortiz-Rodríguez, who visited Skybox on the day of the fight, there were approximately two hundred persons inside the establishment and one television displaying the fight. The Court **AWARDS** Plaintiff **two hundred and fifty dollars ($250.00)** in damages for violating

CIVIL NO. 09-1451 (JP)          -7-

Section 553 and **one thousand dollars ($1,000.00)** in damages for violating Section 605, plus costs and reasonable attorneys' fees against Defendant Wilbert Hoffman, his wife Jane Doe, and the conjugal partnership between them, d/b/a Skybox, and **ORDERS** them to jointly and severally pay this amount to Plaintiff pursuant to this Judgment.

6)   According to the sworn statement subscribed by Ismael Areizaga-Méndez, who visited Green House on the day of the fight, there were approximately one hundred persons inside the establishment and one television displaying the fight.  The Court **AWARDS** Plaintiff **two hundred and fifty dollars ($250.00)** in damages for violating Section 553 and **one thousand dollars ($1,000.00)** in damages for violating Section 605, plus costs and reasonable attorneys' fees against Defendant Giancarlos Quiñones, his wife Jane Doe, and the conjugal partnership between them, d/b/a The Green House, and **ORDERS** them to jointly and severally pay this amount to Plaintiff pursuant to this Judgment.

7)   According to the sworn statement subscribed by Érica Irizarry-Mártir, who visited Tus Antojos Rest. on the day of the fight, there were approximately seventy-five persons inside the establishment and one television displaying the fight.  The Court **AWARDS** Plaintiff **two hundred and fifty dollars ($250.00)** in damages for violating Section 553 and **one thousand dollars ($1,000.00)** in damages for violating Section 605, plus costs and reasonable

CIVIL NO. 09-1451 (JP)          -8-

attorneys' fees against Defendant Carlo J. Correa, and the conjugal partnership Correa-Rosa, d/b/a Tus Antojos Rest., and **ORDERS** them to jointly and severally pay this amount to Plaintiff pursuant to this Judgment.

    8)   According to the sworn statement subscribed by Altagracia Vázquez-Martínez, who visited Vente Pa Que Goces on the day of the fight, there were approximately twenty-five persons inside the establishment and three televisions displaying the fight. The Court **AWARDS** Plaintiff **two hundred and fifty dollars ($250.00)** in damages for violating Section 553 and **one thousand dollars ($1,000.00)** in damages for violating Section 605, plus costs and reasonable attorneys' fees against Defendant Edwin Díaz, his wife Jane Doe, and the conjugal partnership between them, d/b/a Vente Pa Que Goces, and **ORDERS** them to jointly and severally pay this amount to Plaintiff pursuant to this Judgment.

    9)   According to the sworn statement subscribed by Jesús Joel Hernández, who visited Windy's City on the day of the fight, there were approximately fifteen persons inside the establishment and one television displaying the fight. The Court **AWARDS** Plaintiff **two hundred and fifty dollars ($250.00)** in damages for violating Section 553 and **one thousand dollars ($1,000.00)** in damages for violating Section 605, plus costs and reasonable attorneys' fees against Defendant Ismael Méndez-Colón, his wife Jane Doe, and the conjugal partnership between them, d/b/a Windy's City, and **ORDERS**

CIVIL NO. 09-1451 (JP)          -9-

them to jointly and severally pay this amount to Plaintiff pursuant to this Judgment.

10) According to the sworn statement subscribed by Jesús Joel Hernández, who visited El Borincano on the day of the fight, there were approximately twenty-three persons inside the establishment and one television displaying the fight.  The Court **AWARDS** Plaintiff **two hundred and fifty dollars ($250.00)** in damages for violating Section 553 and **one thousand dollars ($1,000.00)** in damages for violating Section 605, plus costs and reasonable attorneys' fees against Defendant Jason Acevedo-Morales, his wife Jane Doe, and the conjugal partnership between them, d/b/a El Borincano; and **ORDERS** them to jointly and severally pay this amount to Plaintiff pursuant to this Judgment.

It is expressly directed that this Judgment shall be entered as final against the stated Defendants pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 15th day of July, 2010.

                                              s/Jaime Pieras, Jr.
                                                    JAIME PIERAS, JR.
                                           U.S. SENIOR DISTRICT JUDGE